OPINION
Appellant Evangeline M. Varonis appeals the decision of the Court of Common Pleas, Stark County, which granted an award of $7,903.55 to appellant following a jury trial on her personal injury action against Appellee Paula J. Miller. The relevant facts leading to this appeal are as follows.
On March 6, 1999, an automobile accident occurred between appellant and appellee in Lake Township, Stark County. On September 15, 2000, appellant filed a complaint against appellee, Heritage Mutual Insurance Company, and Aultcare Corporation.[1] A jury trial commenced on June 25, 2001. Appellee thereupon stipulated to negligence; thus, the essential issue before the jury was whether the automobile accident caused permanent injury to appellant's right knee. During the trial, the court played to the jury a videotaped deposition of appellee's defense expert, Timothy Gordon, M.D., a physician and the vice-president of Highland Musculoskeletal Associates, Inc. The court had prior thereto redacted portions of appellant's counsel's cross-examination of Gordon on certain questions pertaining to his background in conducting defense medical examinations, as further discussed infra.[2]
The jury subsequently rendered a verdict for $7,903.55 in favor of appellant, awarding $0 for future damages.
Appellant timely appealed and herein raises the following six Assignments of Error:
 I. THE TRIAL COURT, IN VIOLATION OF OHIO EVIDENCE RULE 616(A), ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY NOT ALLOWING THE PLAINTIFF-APPELLANT TO CROSS-EXAMINE THE DEFENDANT-APPELLEE'S EXPERT MEDICAL WITNESS WITH EVIDENCE CONCERNING THE EXPERT'S INVOLVEMENT IN THE DESTRUCTION OF RECORDS RELATED TO DEFENSE MEDICAL EXAMINATIONS CONDUCTED FOR DEFENSE ATTORNEYS AND LIABILITY INSURANCE COMPANIES.
 II. THE TRIAL COURT, IN VIOLATION OF OHIO EVIDENCE RULE 616(A), ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY NOT ALLOWING THE PLAINTIFF-APPELLANT TO CROSS-EXAMINE THE DEFENDANT-APPELLEE'S EXPERT MEDICAL WITNESS WITH EVIDENCE CONCERNING LAWSUITS FILED ON BEHALF OF THE EXPERT'S CORPORATION AGAINST TWO JUDGES TO PROHIBIT THE JUDGES FROM COMPELLING THE PRODUCTION OF CORPORATE RECORDS RELATING TO DEFENSE MEDICAL EXAMINATIONS CONDUCTED FOR DEFENSE ATTORNEYS AND LIABILITY INSURANCE COMPANIES.
 III. THE TRIAL COURT, IN VIOLATION OF OHIO EVIDENCE RULE 616(A), ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY NOT ALLOWING THE PLAINTIFF-APPELLANT TO CROSS-EXAMINE THE DEFENDANT-APPELLEE'S EXPERT MEDICAL WITNESS WITH EVIDENCE CONCERNING THE EXPERT'S REPEATED REFUSAL TO COMPLY WITH SUBPOENAS TO PRODUCE RECORDS RELATING TO DEFENSE MEDICAL EXAMINATIONS CONDUCTED FOR DEFENSE ATTORNEYS AND LIABILITY INSURANCE COMPANIES.
 IV. THE TRIAL COURT, IN VIOLATION OF OHIO EVIDENCE RULE 616(A), ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY NOT ALLOWING THE PLAINTIFF-APPELLANT TO CROSS-EXAMINE THE DEFENDANT-APPELLEE'S EXPERT MEDICAL WITNESS WITH EVIDENCE CONCERNING THE FINANCIAL RELATIONSHIP BETWEEN THE EXPERT AND THE INSURANCE COMPANY THAT PAID FOR HIS SERVICES IN THIS CASE.
 V. THE TRIAL COURT, IN VIOLATION OF OHIO EVIDENCE RULE 616(A), ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY NOT ALLOWING THE PLAINTIFF-APPELLANT TO CROSS-EXAMINE THE DEFENDANT-APPELLEE'S EXPERT MEDICAL WITNESS WITH EVIDENCE CONCERNING DEFENSE MEDICAL EXAMINATIONS CONDUCTED FOR DEFENSE ATTORNEYS AND LIABILITY INSURANCE COMPANIES.
 VI. THE TRIAL COURT, IN VIOLATION OF OHIO EVIDENCE RULE 616(A), ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY NOT ALLOWING THE PLAINTIFF-APPELLANT TO CROSS-EXAMINE THE DEFENDANT-APPELLEE'S EXPERT MEDICAL WITNESS WITH EVIDENCE CONCERNING THE EXPERT'S FINANCIAL INTEREST IN A CORPORATION WHICH HAS REALIZED SIGNIFICANT PROFITS FROM CONDUCTING DEFENSE MEDICAL EXAMINATIONS FOR DEFENSE ATTORNEYS AND LIABILITY INSURANCE COMPANIES.
 Standard of Review
Pursuant to Evid.R. 616(A), which is cited in all six of appellant's assignments of error, "[b]ias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence." However, Evid.R. 403(B) grants a court discretion to limit questioning if the "probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." An appellate court may not reverse a trial court's decision with respect to the scope of cross-examination absent an abuse of discretion. Calderon v. Sharkey (1982),70 Ohio St.2d 218. Specifically, cross-examination of a medical expert regarding the expert's bias and pecuniary interest is also subject to the sound discretion of the trial court. Id., syllabus. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
It is based upon these standards that we review appellant's assignments of error.
 I
In her First Assignment of Error, appellant argues that the trial court erred, in violation of Evid.R. 616(A), by redacting portions of the Gordon deposition pertaining to the alleged destruction of records related to medical examinations conducted for defense attorneys and insurance companies. We disagree.
The gist of the redacted portion at issue is contained in the following exchange in the deposition:
BY MR. HANNA:
 Q. Yes or no. Were you involved in the decision-making process concerning the retention of records?
 A. Again, I told you I'm not really sure what records you're talking about. You haven't (sic) really clear on that.
 Q. Records concerning revenues generated from defense medical examinations done for defense lawyers and insurance companies?
 MR. COFFEE: Objection. Move to strike. Go ahead, you can answer.
 THE WITNESS: I'm not sure that specific issue was ever discussed. I don't really know how to answer the question. I've already told you that.
Gordon Deposition at 56.
Upon review of the relevant full redacted section, we are unpersuaded that the court's deletion of Gordon's essentially noncommittal responses concerning the record keeping practices of Highland Musculoskelatal rose to the level of an abuse of discretion.
Appellant's First Assignment of Error is overruled.
 II, III
In her Second and Third Assignments of Error, appellant contends the trial court erred in preventing the jury from hearing certain cross-examination portions related to the production of corporate records of work performed for defense attorneys and insurance companies. We disagree.
Appellant first directs us to redacted cross-examination of Gordon's involvement in and familiarity with a purported lawsuit, filed by Highland Musculoskelatal against judges in Cuyahoga County, to attempt to prohibit the compelling of records pertaining to defense medical examinations. We have reviewed the deposition transcript and relevant redactions, and find that Gordon overall provided limited answers on this topic, under the rationale that he was not an attorney. This tendency is epitomized in the following exchange:
BY MR. HANNA:
 Q. What was your understanding? I don't want to ask corporate counsel. I'm asking you. You're an officer and owner of this company. What was your understanding as to what the litigation was involved with that is the subject of Plaintiff's Exhibit 13?
 A. Well, in response to that, the only way I can answer is, my counsel told me with those kind of questions to defer to them, because they're the lawyers, I'm not.
 Q. So you're not going tell the ladies and gentlemen of the jury what your understanding of that litigation was about?
 A. Look, in the area of the legal arena — I think the people listening here can understand there is a lot of things that go on in the legal arena that we civilians don't understand. So that's why I just have to respond with my — my corporate attorneys say, "Hey, they've got to talk to us about this." And that's what they've told me to do, so that's what I have to tell you.
Gordon Deposition at 85-86.
Appellant further cites the court's redaction of cross-examination questions centering on Gordon's alleged refusal to comply with subpoenas to produce financial and corporate records connected with defense-based medical examinations. For example, Gordon was questioned as follows:
 Q. And is it still your position that you do not want the ladies and gentlemen of this jury to know the financial aspects of this practice concerning defense medical examination that you and Dr. Corn conduct?
 A. Well, I think our corporate attorneys have responded to your subpoena. I've tried to answer your questions. I really don't have anything more to add.
Gordon Deposition at 114.
Our task in reviewing the admissibility of evidence is to look at the totality of the circumstances, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in its decision whether to allow the evidence at issue. State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027, unreported, at 2. In context of the entire record, we are unpersuaded that the cited redaction of cross-examination, related to the production of corporate records, resulted in an abuse of discretion.
Appellant's Second and Third Assignments of Error are overruled.
 IV, V, VI
In her Fourth, Fifth, and Sixth Assignments of Error, appellant cites as error the court's redaction of various cross-examination questions pertaining to Gordon's professional services conducted at the request of defense attorneys and insurance companies.
As recited herein before, cross-examination of a medical expert regarding the expert's bias and pecuniary interest is subject to the sound discretion of trial court. Calderon, syllabus. The court in the case sub judice ruled as follows, outside the presence of the jury, regarding Gordon's videotape deposition:
 During the luncheon recess the Court had made available to counsel to review the Court's rulings with regard to objections made by counsel during the videotape deposition trial testimony of Doctor Gordon. The Court has deleted substantial portions of that deposition, the Court's reasoning being that while counsel has raised by memorandum questions with regard to the financial relationship between a doctor or doctors in an office and the corporate entity or partnership entity of those doctors with an insurance company showing a financial interest that could go to bias as an, an exception to the general rule, the Court in reviewing the testimony has found that the portions which the Court has allowed in the Court's opinion adequately allows counsel to get into the area of the financial interest of the doctor in testifying, that being the amount that he's charged for his testimony, the number of cases that he has done for defense firms, defense medical examinations, and has allowed considerable testimony relative to that issue.
 The Court finds that the balance of that testimony involving the relationship of another doctor in the office with, with insurance firms, defense firms and in general was — is cumulative, basically was harassment of the doctor, and the Court isn't going to subject the jury to listening to that kind of testimony when the points have been adequately made elsewhere within that testimony.
Tr. at 79-80.
In support of her position, appellant cites Ede v. Atrium S. OB-GYN,Inc. (1994), 71 Ohio St.3d 124, wherein the Ohio Supreme Court held, at syllabus: "In a medical malpractice action, evidence of a commonality of insurance interests between a defendant and an expert witness is sufficiently probative of the expert's bias as to clearly outweigh any potential prejudice evidence of insurance might cause." Appellant further urges the application of Davis v. Immediate Medical Services,Inc.(1997), 80 Ohio St.3d 10, in which the Supreme Court followed Ede, holding: "Where an expert has a financial incentive to be biased, the jury may determine whether that bias exists and how that bias affects all defendants who are contesting similar issues and who benefit from the expert's testimony, regardless of commonality of insurance." Id., at paragraph three of the syllabus. Appellant specifically notes that appellee's insurance company, Nationwide, also paid for Gordon's services in the case sub judice. Appellant's Brief at 7.
Nonetheless, we do not find Ede or Davis, both medical malpractice cases, applicable herein. As noted in Bernal v. Lindholm (1999),133 Ohio App.3d 163, the distinguishing characteristic of Ede is that the expert witness and the defendant physician for whom he was testifying "shared in a common pool of liability loss," such that the expert stood to suffer an economic loss if the defendant physician were to lose at trial. Id. at 173. In Davis, one of the three defendants also at least shared in this "commonality of insurance." In the matter sub judice, this is not the case. We cannot conclude that Nationwide's mere status as the paying sponsor of the medical examination of appellant created a "common pool" of liability, as envisioned by Ede, between the defendant-appellee and Gordon, the defendant-appellee's expert witness.
Upon full review of the record and the balance of testimony that did go to the jury, we are unpersuaded that an abuse of discretion resulted from the redaction of portions of cross-examination related to Gordon's professional services conducted at the request of defense attorneys and insurance companies.
Appellant's Fourth, Fifth, and Sixth Assignments of Error are overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs are assessed to appellant.
Hon. William B. Hoffman, P. J., Hon. John W. Wise, J., Hon. John F. Boggins, J., concur.
[1] The latter two entities did not participate in the within appeal.
[2] The record herein includes a certified transcript of the Gordon videotape deposition. Although neither side has supplied this Court with a certified redacted version of the videotape deposition transcript or the video itself, appellee does not appear to dispute appellant's assertions as to what portions were actually edited out at trial.